UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ALEX AFSHIN DANESHRAD,

                Plaintiff,                              **OPINION & ORDER**
  -against-                                            05-cv-2662 (SJF)(ETB)

COHEN & SLAMOWITZ, LLP, et al.

                Defendants.
----------------------------------------X
FEUERSTEIN, J.

I.    Introduction

    Plaintiff Alex Afshin Daneshrad ("Plaintiff") commenced this action on May 31, 2005 against defendant Cohen & Slamowitz, LLP and a number of individuals (collectively, "Defendants"), asserting claims, pursuant to an Amended Complaint, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), 18 U.S.C. § 1341 and related New York state law claims. Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff seeks a more definite statement of Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(e) and a "stay" of the motion to dismiss pending an evidentiary hearing and additional discovery. Plaintiff also seeks sanctions under Fed. R. Civ. P. 11. For the reasons set forth below, Plaintiff's requests for a more definite statement, sanctions and a stay are denied and the parties are hereby noticed that the Court intends to convert Defendants' motion to dismiss into a motion for summary judgment.

1

II. Analysis

   A.   Request for a More Definite Statement

Plaintiff seeks "a more definite statement of defendants' motion for dismissal." (Pl. Opp. at 1). Fed. R. Civ. P. 12(e) states that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 7(a) defines a pleading as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Because a motion to dismiss is not a pleading, Plaintiff's request for a "a more definite statement of defendants' motion for dismissal," (Pl. Opp. at 1), is denied.

   B.   Rule 11 Sanctions

Fed. R. Civ. P. 11(b) is "violated when an attorney presents a pleading for an improper purpose or presents a frivolous claim or legal contention, among other things." Ball v. A.O. Smith Corp., 451 F.3d 66 (2d Cir. 2006). Plaintiff has not identified any conduct meriting sanctions, and his request for sanctions is therefore denied. Fed. R. Civ. P. 11(c).

   C.   Defendant's Motion to Dismiss

The Court hereby gives notice that it intends to convert Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment under Fed. R. Civ. P. 56. Defendants are hereby ordered to serve and file the notice required by Local Rule 56.2 within fourteen (14) days of the date of this Order. The parties are further directed to serve and file any

additional evidentiary materials within forty-five (45) days of the date of this Order. The requirements of Local Rule 56.1 are waived for all parties.[1]

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: July 19, 2006
Central Islip, New York

---

[1] Plaintiff seeks a 'stay' of the motion to dismiss pending an evidentiary hearing and additional discovery. That application is denied.

To:

Alex Afshin Daneshrad
22 Alpine Lane
Hicksville, NY 11801


Leandre M John
Cohen & Slamowitz LLP
199 Crossways Park Drive
POB 9004
Woodbury, NY 11797